Filed 9/8/15  P. v. Burchett CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B262427 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 4PH08181) |
| v. | |
| PETER BURCHETT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark Grant Nelson, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Peter Burchett, a parolee subject to registration as a sex offender pursuant to Penal Code section 290, was charged with a parole violation due to his alleged failure to report to his parole officer within 24 hours of his release from custody. Following a contested hearing, the trial court found Burchett in violation of parole, ordered him to serve 180 days in custody with total credits of 132 days, and reinstated parole. Burchett filed a timely notice of appeal.

This court appointed counsel to represent Burchett on appeal. On August 6, 2015, appointed counsel filed a brief raising no issues, asking this court to independently review the record for arguable appellate contentions under *People v. Wende* (1979) 25 Cal.3d 436. Burchett was advised of his right to file a supplemental brief within 30 days.

Burchett filed two letter briefs with this court. The letter briefs contain no argument related to the parole revocation at issue in this case. Burchett's arguments appear to be based on his understanding that he is not on parole because other cases against him had been dismissed and therefore he had no duty to report to a parole officer. He also complains of mishandling of his other cases and his conditions of confinement, issues that are not relevant to this appeal.

We have completed our independent review of the record. Our review of the record reveals no arguable contentions on appeal. The record reflects Burchett was notified of his obligation to promptly report to a parole officer within 24 hours of release from custody on parole, and his failure to do so. Burchett had notice of the allegations against him, was represented by counsel, and had the opportunity to contest the allegations. The parole violation finding by the trial court is supported by substantial evidence based on sworn testimony of Burchett's parole officer, and the punishment imposed was within the discretion of the trial court.

The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


TURNER, P.J.


MOSK, J.